Having said that, we'll turn to the first matter on the argument calendar, which is United States v. Port. Ms. Hahn. Good morning, Your Honors. May it please the Court, Cynthia Hahn for Appellate Christopher Port. I don't think you're going to find a better case on all fours with staples than this case in front of you today. I was just handed a case by counsel from the Seventh Circuit entitled United States v. Scheer, and all I would have to say under that is, number one, that was a plain error case, which is not the case here, and also there is no argument that this gentleman didn't know the characteristics of the fireworks he had. He knew he had display fireworks. That is totally why is that kind of the beginning and end of it? Because, well, first of all, the statute itself, 842I, under which our gentleman is charged, is very similar to the gun statutes, 922G, 922O. Except that the statute calls attention to the fact that the Secretary can create a list identifying explosives. That's true, and there is an 11-page list of things that, and still – Display fireworks in it. I handed the Court an outline of the CFRs on this issue. Yes, thank you. And if you'll notice, and it's also in the case handed by counsel, the difference between consumer fireworks is consumer fireworks contain less than 130 milligrams of powder. Display fireworks contain over 130 milligrams of powder. That's the difference. Okay? So now this man is supposed to know – These things weren't snakes, were they? I mean – Pardon me? These things obviously were not snakes. No. You know, those little critters that – Oh, you mean snake like a firework snake. That make a mess on your concrete. No, but some of them were M80s, and M80s are perfectly legal. You cannot look – But is your argument that Congress doesn't have the authority to delegate to ATF the line drawing that is obviously necessary with regard to the explosive potential, and that's measured in the grams of powder that each of the devices contain? Okay, two points here. First of all, Congress's intention nowhere in its initial legislation of this talked about fireworks. They were talking about things like dynamite, nitroglycerin. But there's no – Second – I mean, they're both pyrotechnic devices. They are explosive devices which require some sort of initiator. They are both characterized as explosives, both consumer and display fireworks. So you're not challenging – are you? Maybe you are. I'll ask the question. Are you challenging the congressional delegation to the Bureau of Alcohol, Tobacco, and Firearms – No, sir. – the regulatory prescription as to what is – No, sir. What I am challenging is the fact that Mr. Port needed to know the characteristics of what he held, just like in Staples. He had to know the characteristics of those fireworks, what made them display fireworks and, therefore, illegal. Has to open one and actually measure it in order – and then look at the regulation before he can be convicted? Well, sir, with machine guns, that's exactly the case. You can't look at a gun and tell whether it's a machine gun or not. But how do you distinguish those cases where we talk about all that's required is the knowledge of the possession of the device? In other words, the fact that you had a drug in your possession, as opposed to what kind of drug or what quantity it was? Well, there you're talking about public welfare legislation statutes, and that's not what we have here. Public safety? No, sir, because consumer fireworks are just as dangerous as display fireworks. I'm sure we've all – Well, display fireworks are bigger, right? I mean, that's one of the reasons why you have to have a special license to handle them. Well, if you're looking – I'm sorry for interrupting, Your Honor. Oh, that's all right. If you're looking at the size of these fireworks that were taken from Mr. Port, none of them are any bigger than consumer fireworks. You have half inch by two inch. The biggest one, I believe, is a set chain five inches. But counsel, as I understand it from my days of handling these kinds of cases, an M-80 is the equivalent of a quarter stick of dynamite. And some states allow them. So you're telling me that some of these display fireworks were two inches in diameter? Yes, sir, that's – That's a lot of explosive powder. Well, I have – I've seen Roman candles that are six inches long. And you can kill people. I mean, people lose arms and hands and eyes with this stuff. Thank you. That is exactly my point. You can kill people's hands and legs with consumer fireworks just like you can with display fireworks. Okay. So why – that's my earlier question. Okay. Why isn't it sufficient under the case law to simply for the government to prove that your client burglarized an explosives warehouse and knew that he had in his possession some sort of a device? Because if they were consumer fireworks, if he didn't know the difference between consumer and display fireworks, consumer fireworks are not illegal for him to possess. He has to have some knowledge of what he's holding, just like in Staples. He had to know it was a machine gun. Mr. Port had to know those were display fireworks. Let me ask you a different question. The indictment alleges knowing possession of an explosive, right? Yes. I think you know where you're going. Go ahead. Well, your motion to dismiss – excuse me, your conditional plea only preserves the issue raised in the motion to dismiss. It doesn't preserve whether he actually knew what the characteristics were. Is that your point? Yeah. Okay. The first thing is we did raise Staples in our – in the motions. The second thing is this Court recently in Peyer v. Gayon – I'm sorry if I'm pronouncing it incorrectly. It's 359 Fed 3rd, 1088, 1095, Ninth Circuit, 2004. That's February 20th. Said claims can be waived, but not the arguments. You can raise a different argument on appeal and not waive your claim. And our claim – No, no. That's a different issue altogether from the one I'm bringing up, which is that you entered – your client entered a conditional guilty plea. Yes. And you have to preserve precisely what you're going to raise on appeal in making the conditional guilty plea. Well, then, to that case, let me cite you to – You didn't preserve a sufficiency of the evidence issue, putting it differently. You simply preserved this adequacy of the indictment. What happened at the plea colloquy is he flat-out stated – and this is at EOR 81, 82 – that he did not know what the characteristics was of what he possessed. He was like, I was a kid in a candy store. I saw fireworks. He never admitted under Staples. There's an – there's an unwritten element in the statute. But tell me what was deficient about the indictment. The indictment only said, A, he had to know he was a felon, B, he had to know that he possessed explosives. So – but what's deficient about that? That is the property of the allegation under Staples. Because he did not know the characteristics. That goes to the sufficiency of the evidence to prove the indictment. Exactly. And that's why, on the other hand, we would ask this Court to reverse for trial, because with the correct – with directions that the jury be told that they have to know that our client, Mr. Port, had to know that these were fireworks that he should not have had in his possession, that he had to have known the characteristics of those fireworks. And I'm almost at two minutes, so I'd like to reserve. Thank you. Mr. Reed. Good morning. May it please the Court. William Reed for the United States. As I understand the defendant's argument here today, their concern or their complaint is that this case doesn't square with the requirements of the Supreme Court in the Staples case. And in that case, as I understand the Supreme Court, that – the holding in that case was a narrow one. I believe that's their expressed language limited to the circumstances of the case where an individual possessed an unregistered machine gun. And there the Court was concerned that because firearms are so pervasive in society and because of the nature of that particular weapon, that the individual may not know the true characteristics within the internal confines of the weapon. And that they're – I think the Court expressed that these – that machine guns are readily convertible to fully automatic status, and even that it's possible that wear and tear over time can contribute to their becoming fully automatic. This case can be distinguished from the Staples case, I would submit, first and foremost because that holding was a very narrow one by the very language of the Supreme Court. And in limiting its holding, the Supreme Court cautioned that common sense evaluation of the particular device or substance and the expectations that individuals may legitimately have in dealing with these regulated items is what items – is what controls at the end of the day. I understand the Supreme Court's concern with something that has been found to be a machine gun, a fully automatic weapon. Someone may not know what it's capable of doing. However, these display fireworks, I would submit, are something that are not pervasive and not items that are commonplace in society. I think the Supreme Court in Staples gave a statistic that almost 50 percent of American households have firearms, at least one firearm. And display fireworks are not anything even come close to that type of commonplace presence in households and society. These are highly regulated materials, items that you cannot acquire at a firearms store. You can't acquire them legally unless you possess a license. They're highly regulated. They're not like firearms. And I would submit that in and of itself is a significant distinction in this case from the facts of Staples. Mr. Reed, are you picking up on a question asked by Judge Reimer? Are – is the government conceding that the real issue here is the sufficiency of the evidence as to whether Mr. Port knew the characteristics of the fireworks? Are you conceding that the question is not whether we should affirm the dismissal of the indictment as being insufficient? I had not contemplated the distinction Judge Reimer had brought before the Court or to Ms. Hahn's attention, and perhaps there being some distinction or discrepancy between the motion to dismiss the indictment and what was preserved in the plea agreement. Well, the problem is that the defendant entered a plea of guilty. And, yes, it is conditional in the sense that normally when the plea is entered, a waiver of appellate rights is inherent. But in this case, the plea is conditioned upon the right to pursue an appeal. But our case law says that the defendant has to articulate fairly specifically what it is that he wishes to appeal, which is being preserved. And in this case, he pled guilty to knowing possession as – because it is, as I understand it, a general intent crime. And the question is whether or not comparing that fact, which is inherent in the plea of guilty, to the articulation of the issue that was preserved, Mr. Hahn essentially waives his appellate argument. I'll leave that to this Court's sound discretion. I do – I have observed, though, as just Judge Reimer has pointed out, that there seems to have been a transformation from – and I thumbed back through the brief or through the excerpt of record – there seems to arguably have been a transformation of the issue from the motion to dismiss to the entry of the conditional plea and the arguments here today. That went beyond me in my preparation for this argument here today, and I tried to immerse myself in the Staples issue. I'll leave that to the Court's sound discretion as to whether or not the conditional plea and argument here today, if there's a material distinction. If I'm to be asking a question, which is your answer, the government takes no position, we just sort of have to figure it out for ourselves? I would tend to agree with Judge Reimer. Well, she's asking the question. I – we're asking for your – for an answer here. And – Yes, Your Honor. And I'm not hearing one from you. Well, I did not – it was not briefed in what was submitted to the Court, but I would suggest that the answer is that there is such a distinction between the motion to dismiss and what was preserved in the conditional plea that this may have – this was waived. Yes, Your Honor. So that's now your position? Yes, Your Honor. Oh. If I'm going to take a position, I'll take that position. Well, I'm asking the question. If that's your position, that's your position. So you're not leaving it to the discretion of the Court. You're urging us to narrow the basis of appeal to a review of the dismissal of the indictment, which was put by the appellant here. Is that correct? Yes, Your Honor. And unless the Court has further questions, if I'm – I'll – I've tried to address the motion or the Court's concern and have taken that position, and I've argued to the Court's satisfaction, the distinction between the staples should the Court not see fit to find that the defendant has waived his right to appeal. Ms. Hahn, you have some time for rebuttal. This was my point exactly when I mentioned Pilares-Gallon, is that you can change your argument as long as you don't waive your claim, and the claim is he is not liable. Well, your claim, what you preserved, was what was argued in the motion to dismiss. So I look at the motion to dismiss, and it wasn't a sufficiency. It can't be a sufficiency argument. No, but it's – It has to be that the indictment doesn't charge a crime. I really urge the Court to look at this case because it's right on point. The claim has not been waived. And in any case, the briefs certainly notified the government as to what our argument was, was that he didn't know the characteristics. We know it should go back down. You wonder the factual basis for the guilty plea, then. I don't get it. Because he never admitted he knew what they were. Nowhere in the plea agreement does it admit that he knew what those items were, what the characteristics of those items were. There's nothing in – and you can search the plea agreement, and there's nothing in there. And certainly, the solution is on habeas to get rid of the plea agreement. I would – I would really urge the Court, please look at Polaris-Vilan 359, Fed 3rd, 1088, 1095, 2004 case, and – Give me that slide again. 359 Federal? 359 Fed 3rd, 1088, and it's on page 1095. It's the Ninth Circuit, 2004 case. Now, if you look at that, won't we be seeing something that was not brought before the district court on your motion? I mean – Well, the Court – well, you will see that the claim was made, and that's the whole point of this case. You can change your argument on appeal, but your claim that this man is not subject to this statute, which stays the same, all we did was change the argument on appeal, and that is allowed under this case. What we are asking for is for this Court to reverse for a trial with instructions to the jury that Mr. Port has to have knowledge of the characteristics of the fireworks, and my time is up. Thank you. Thank you, counsel, for the argument. The matter just argued will be submitted. Next to your argument in Olson, which is the Teamsters. Next to your argument in Olson, which is the Teamsters.
judges: Rymer, Tallman, Bea